# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FERNANDO FONSECA, Jr., <br> BRADLEY L. MERWINE, <br> WILLIE JAMES BROWN, | : <br> <br> : |
| Plaintiffs | : |
| v. | : CIVIL ACTION NO. 3:19-1427 |
| GENE BERDANIER, et al., | : (Judge Mannion) |
| Defendants | : |

## MEMORANDUM

I. **Background**

Seventeen inmates, all housed in Schuylkill County Prison, Pottsville, Pennsylvania, filed the above captioned action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are fourteen correctional officers employed at Schuylkill County Prison and William Baldwin, Schuylkill County Prison Board President. Id.

By Order dated August 19, 2019, this Court issued a Thirty (30) Day Administrative Order, requiring each Plaintiff to file a completed and signed Application to Proceed *In Forma Pauperis*, or pay the filing fee, within thirty days. (Doc. 5).

To date, Plaintiffs Fonseca, Merwine, and Brown are the only Plaintiffs

to submit an application requesting leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Consequently, the remaining Plaintiffs will be dismissed from the above captioned action for failure to file a completed and signed Application to Proceed *In Forma Pauperis*, or pay the filing fee.

The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. Application to Proceed *In Forma Pauperis*, or pay the filing fee 1321 (April 26, 1996) imposes obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. §1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, the section requires screening complaints in prisoner actions.[1]

The complaint will now be reviewed pursuant to the screening provisions of the Act. For the reasons set forth below, Plaintiffs' request for injunctive relief will be dismissed and Plaintiffs' claims for damages will proceed.

When considering a complaint accompanied by a motion to proceed *in forma pauperis*, a district court may determine that process should not be

---

[1]Section 1915(e)(2) provides:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2

issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2] "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

## II. Allegations in the Complaint

The Plaintiffs make the following ten claims regarding the conditions of the Schuylkill County Prison:

1. There is mold growing in the cinder block near the showers.
2. The ceiling tiles have fell and are falling in the block and above tables where individuals eat with particles that fall from ceiling.
3. There are electric extension cords bare in the shower area attached to the railing which is rust.
4. The kitchen is not serving the proper portion of food

---

[2]Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). Clearly baseless factual contentions describe scenarios "clearly removed from reality." Id.

        and inmates are being mal nutriented (sic) and deprived of the proper amount of calories required per meal per day.
5.   There is no air circulation. The windows and sills are cluttered with debris and there is no air circulation; even the guards say its inhumane.
6.   Inmates are sold instant coffee but not supplied hot water to drink it. The same is sold Ramen soup but not given hot water to make them.
7.   There's toilet paper and debris hanging from the ceiling and it sometimes falls into individual food or onto individuals. It's extremely unsanitary.
8.   Inmates that feel it's to hot to go out to yard are forced to lock in cells that are atrocious with heat and no air circulation.
9.   No cold water is supplied on the block or in the yard for inmates to drink to re-hydrate.
10.   The heat and living conditions of this facility are/is inhumane.

(Doc. 1). Plaintiffs claim that they have "been sick, vomiting, heat stroke and exhausting, difficulty breathing at times and constant headaches. Id. For relief, Plaintiffs seek to have "the ceiling repaired, the mold removed, the cinder blocks broke out and replaced, the debris on the ceilings wiped off/brushed off, the amount of food being served to be monitored to make sure the proper portion is being served, some type of coolant or ventilation system put in and windows cleaned out so air can come through the screens or windows, welded close and air conditioning system installed, hot water keep on the block or a 180° line put in or microwave and 24,000,000 for

medical expenses and bills that could possibly arise in the future from breathing in the germs of the mold and to divide amongst inmates that were affected by and mistreated through these conditions we'd like some type of step welded onto the beds for people to get up and down the bunks, plates so inmates can't roll off top bunks and get hurt. Id.

On October 11, 2019, mail sent to Plaintiff, Fernando Fonseca, was returned as undeliverable, stating inmate not at Schuylkill County Prison, return to sender and unable to forward. (Doc. 34).

On November 12, 2019, Plaintiff, Bradley Merwine filed a notice of address change, indicating that on August 20, 2019, he was transferred from the Schuylkill County Prison to the Mahanoy State Correctional Institution, Frackville, Pennsylvania. (Doc. 36). Plaintiff, William Brown's motion to proceed *in forma pauperis*, indicates that he is now being held in the State Correctional Institution, Camp Hill, Pennsylvania. (Doc. 38). Thus, it is apparent that the three Plaintiffs permitted to proceed in the above captioned action are no longer confined in the Schuylkill County Prison.

**III. Discussion**

The adjudicatory power of a federal court depends upon the "continuing

existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974). A federal court may entertain "only actual, ongoing cases or controversies." Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). Where a plaintiff seeks injunctive relief for prison conditions that he is no longer subject to, there is no longer a live controversy and a court cannot grant that injunctive relief. See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993); Fortes v. Harding, 19 F. Supp.2d 323, 326 (M.D. Pa. 1998).

Significantly, a transfer from one prison facility to another moots any claims for injunctive or declaratory relief pending against officials at the institution from which he was transferred moot. See Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3rd Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3rd Cir. 1981). See also, Spencer v. Sec'y Dep't of Corr., No. 14-2009, 2015 WL 3895302, at *1 n.2 (3d Cir. June 25, 2015) (noting that plaintiff's transfer rendered his request for declaratory and injunctive relief against officials at that institution moot); Banks v. Sec'y Pennsylvania Dep't of Corr., 601 F. App'x 101, 103 (3d Cir. 2015) (same); Capozzi v. Bledsoe, 560 F. App'x 157, 159 (3d Cir. 2014) (same); Mollett v. Leicth, 511 F. App'x 172, 174 (3d Cir. 2013) (finding that because the inmate plaintiff's transfer rendered the case

6

moot the district court lacked jurisdiction over the merits of the case). Plaintiffs' complaint, seeking injunctive relief related to their conditions of confinement at the Schuylkill County Prison are now moot, as they are no longer incarcerated at Schuylkill County Prison. Thus, Plaintiffs' claims for injunctive relief will be dismissed and Plaintiffs will be permitted to proceed only on their claim for damages. A separate Order will be issued.

                                          s/ *Malachy E. Mannion*
                                          **MALACHY E. MANNION**
                                          **United States District Judge**

**DATED: December 11, 2019**
19-1427-01